## Case No. 1,043.

### In re BARRETT.

[2 Hughes, 444;[1] 2 N. B. R. 533, (Quarto, 165;) 1 Chi. Leg. News, 202; 2 Amer. Law T. Rep. 182; 11 Int. Rev. Rec. 21; 1 Amer. Law T. Rep. Bankr. 144.]

District Court, D. West Virginia. Dec. Term, 1869.

BANKRUPTCY — ASSIGNEE — PARTNERSHIP—POWER TO BIND FIRM—VOTING FOR ASSIGNEE.

1. An attorney for a creditor of the bankrupt may be assignee of the bankrupt's estate.

2. One member of a firm or copartnership, on behalf of the firm, may execute a power of attorney to some third person, authorizing him to cast the vote of the firm in the choice of assignees.

[Cited in Re Sauls, 5 Fed. 719.]

[In bankruptcy. Joseph Barrett was adjudicated a bankrupt on the petition of Wynne & Co., of Cincinnati, Ohio. At a meeting of the creditors, Abraham Burlew, Esq., attorney for the petitioning creditors, cast the votes of a majority of the creditors in number and interest for himself for assignee, by virtue of a power of attorney, duly executed and acknowledged, on behalf of each of the respective creditor firms, by one member thereof. Burlew was declared elected assignee by the register. Heard on exceptions to this ruling. Decision of the register sustained.]

JACKSON, District Judge. In this case the register certified the following questions for the decision of the judge: First. Can the attorney for the petitioning creditor act as assignee? It appears from the certificate of the register that Abraham Burlew, Esq., the attorney for the petitioner, was the choice of a "greater part in value and in number of the creditors" who proved their debts, and that he is fully competent to discharge the duties of the position.

The first clause of the thirteenth section of the bankrupt act [of March 2, 1867, (14 Stat. 522,)] provides for the first meeting of the creditors and the election of an assignee. The party selected must be the choice of "the greater part in value and in number of the creditors who have proved their debts," otherwise he cannot act. This seems to be the only limitation prescribed by the statute,

[1] [Reported by Hon. Robert W. Hughes, District Judge, and here reprinted by permission.]

no particular qualification being required. It is obvious that the authors of the act supposed that creditors, in selecting an assignee, would, from prudential considerations alone, always select a capable and suitable person to discharge the duties of the position; hence it was not deemed necessary to require any particular qualification or to impose any other limitation than the one just referred to. The fourth clause of the same section invests the judge with the discretion to order a new election, but this discretion is to be exercised only when "needful or expedient," or, in other words, for cause. Should no cause exist, it is clearly the duty of the judge to confirm the selection made by the creditors. What, then, is cause sufficient to justify the judge in withholding his consent in such a case? Manifestly it must be for want of capacity or integrity in the party selected. In this case, all parties concede both capacity and integrity to Mr. Burlew. It may be suggested whether interest will not disqualify a party for the position of assignee. I think not, unless the interest of the assignee was or might become, in the progress of the proceedings, adverse to the general creditors, or that he was in a situation and manifested a purpose to use his position to their disadvantage. Ordinarily, the assignee who has an interest in the bankrupt estate cannot promote his own or injure that of another without being called to account for it at once. He is under the control of the court, and his conduct is always open to its supervision.

Under the provisions of the eighteenth section, for good cause he may be summarily removed. For these reasons I cannot see why a creditor of a bankrupt might not act as assignee; and such, I think, has been the practice in the courts. If a creditor can act, certainly his attorney may act, as far less objection exists to him on the ground of interest. The eighteenth section also declares who shall be ineligible as assignee, and in express terms inhibits any person from acting who has received any preference contrary to the provisions of the bankrupt act. There is no other provision in the act rendering a person ineligible for this position. It is not contended that the objection provided for in this section exists in this case. For the reasons stated I see no valid objection to the ruling of the register upon the first point.

Second. The power of attorney under which the said Burlew acted as attorney in fact, was not executed and acknowledged according to law. It should have been signed and acknowledged by each member of the firm, who are a creditor firm. It is a general and familiar principle that a partner cannot bind his copartner by a contract under sale, without his previous assent to a subsequent ratification. The principle is well established by authority, both in England and in this country. It does not ap-

pear, from the certificate of the register, whether the non-subscribing partners were aware of the execution of the power in this case, or whether they afterwards adopted it, knowing that it would bind them; nor do I regard this assent as necessary. The rule in bankruptcy seems to be different, and may properly be regarded as an exception to the general principle just stated.

Courts of bankruptcy invariably recognize the right of one partner to bind another for special purposes, such as proving debts and voting in the choice of an assignee. This exception grows out of the necessity of the case. It is often inconvenient to bring together all the members of a firm to execute a deed of this character. The general rule is relaxed to facilitate business, and if such were not the law, great injury might result to a firm in prosecuting their claims against a party in failing circumstances, when it was important to proceed without delay. In the proof of debts by a creditor firm composed of several members, it is to be treated as one creditor, any one of which may act for all in proving the debt or voting for an assignee. If, therefore, any one member of the firm may act and bind his copartners for these purposes, it is equally competent for him to delegate his powers for the same purposes and bind his copartners. Such has been the rule in the English bankrupt courts. In the case of Ex parte Mitchell, 14 Ves. 597, Lord Eldon lays down the rule that one partner may act for another in bankruptcy for various purposes, such as "to prove debts," "to execute powers of attorney for voting in the choice of an assignee." And the same judge, in the case of Ex parte Hodgkinson, 19 Ves. 292, reaffirms the opinion just cited, and states the law to be that "one partner, on behalf of all, may prove a debt, vote on choice of an assignee, and sign the certificate." No reported case from our own courts has been produced that rules the particular point in question; but as bearing upon it, we refer to a recent case before Judge Giles, who held that in the case of "joint creditors" who were partners, either party can vote the full amount of the debt, thus adopting the rule that prevails in the English bankrupt courts. See In re Purvis, [Case No. 11,476;] and as bearing upon this question, we refer particularly to 15 Johns. R. 159; 11 Pick. 400; Colly. Partn. [5th Ed.] 429.

For these reasons I am inclined to follow the learned judge in the case of Ex parte Mitchell. The law as there expounded has ever since been the established rule in the English bankrupt courts, and being so long sanctioned, I see no reason for departing from it at this day. I am therefore of opinion that the power of attorney being signed and acknowledged by only one member of a creditor firm, is sufficient to bind all of its members, and was therefore properly executed. The third point referred, being answered by the decision of the first and second points, it is unnecessary to notice it further.